### HARTFORD COUNTY, MARCH TERM, A. D. 1786.

GAY ET AL. V. ADAMS, BATES ET AL.

*A Court of Chancery will relieve against accidents, and a title defective at law, if justice requires it.*

PETITION in chancery. The case was — Pelatiah Adams late of Suffield deceased, owned a tract of land lying in common with a lot which belonged to his wife; that the said Pelatiah died; his wife took administration upon his estate; which was represented and found to be greatly insolvent. That she afterwards intermarried with one Darius Pinney, whereby he became administrator in her right; they then joined in a deed of the land which belonged to the deceased, and of the land which belonged to the wife, to Nehemiah Strong for a valuable consideration; this deed was not signed by them as administrators. Strong sold and conveyed said lands for a valuable consideration to the petitioner, who went into the possession: And after a number of years had elapsed, the children and heirs of said Pelatiah, brought an action of ejectment against the petitioner, for the land which belonged to their father; and in a trial at law before the Superior Court, they recovered judgment for the same, upon the ground that the deed from said Pinney and wife the administrators, to said Strong, did not pass the title; because no order from the Court of Probate to them to sell said land, could be produced or found; that after the recovery at law aforesaid, Lemuel Bates, who was perfectly acquainted with the situation and circumstances respecting the title to said land; and also that the petitioner meant to pursue the matter further; applied to said heirs and took a deed of it: and prays that said Bates in whom the legal title now is, may be ordered and decreed to release the same to the petitioner.

Four objections were made to the granting of this petition — 1st. That Pinney and wife did not sign and execute said deed to Strong, as administrators. 2d. That there was no order of probate to them to sell. 3d. That the heirs of said

Pelatiah having recovered said land at law, a Court of Chancery will not interpose and take it from them. 4th. That Lemuel Bates since the recovery at law aforesaid, had purchased it for a valuable consideration, and taken a deed of the same from said heirs.

To which it was answered by the petitioner — That said deed conveyed all the right which said Pinney and wife had, either in virtue of their interest or their authority. 2d. That it is the province and duty of a Court of Chancery to relieve against accidents, to aid defective titles; and to enforce the doing of substantial justice. 3d. That said recovery at law was against equity, and by reason of a defect in the petitioner's law title; arising from the accident of the Court of Probate's having omitted to give an order to sell said land, or of said orders having been misplaced or lost. 4th. That said Bates was a purchaser with notice of all the circumstances attending said title.

The court granted the petition, and ordered said Bates to release said land to the petitioner, under a penalty.